UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD LEWIS (#116300)** | **CIVIL ACTION** |
| **VERSUS** | |
| **BURL CAIN, WARDEN, ET AL.** | **NO. 11-0118-BAJ-CN** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, September 7, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DONALD LEWIS (#116300)**                                    CIVIL ACTION

**VERSUS**

**BURL CAIN, WARDEN, ET AL.**                                NO. 11-0118-BAJ-CN

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against LSP, Warden Burl Cain and Col. Jimmy Smith, complaining that his constitutional rights were violated on December 17, 2010, when he was falsely charged with having committed a disciplinary rule violation and was ultimately punished with a transfer to disciplinary segregated confinement at Camp J at LSP, as a result of which he lost his job as a "tier walker".

Pursuant to 28 U.S.C. § 1915(e), the Court is authorized to dismiss an action or claim brought <u>in forma pauperis</u> if the Court determines that the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. <u>Cf.</u>, <u>Green v. McKaskle</u>, 788 F.2d 1116 (5th Cir. 1986). An action or claim is properly dismissed as frivolous if it lacks an arguable basis either in fact or in law. <u>Denton v. Hernandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), <u>citing</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); <u>Hicks v. Garner</u>, 69 F.3d 22 (5th Cir. 1995). A Court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. <u>Denton</u>, <u>supra</u>. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915 purposes. <u>Id.</u>; <u>Ancar v. Sara Plasma, Inc.</u>, 964 F.2d 465 (5th Cir. 1992). Further, a § 1915(e) dismissal may be made at any time, before or after service of process and

before or after an answer is filed. Cf., Green v. McKaskle, supra.

Applying the above standard to the plaintiff's Complaint, the Court concludes that the plaintiff's claims fail to rise to the level of a constitutional violation.

In his Complaint, the plaintiff alleges that on December 17, 2010, he was placed in administrative segregation pending an investigation into a home-made weapon which was purportedly found at Camp D at LSP. The plaintiff complains that when he requested to see the home-made weapon, his request was refused. He further asserts that prison officials instructed a prison informant to falsely state that the plaintiff placed the weapon at Camp D. As a result, the plaintiff was allegedly found guilty of the charged offense and was transferred to disciplinary segregated confinement at Camp J, a punitive housing assignment, as a result of which he lost his job as a "tier walker".

Initially, the Court notes that the plaintiff has named LSP as a defendant herein. Only a "person", however, may be subjected to liability under § 1983, and LSP is not a "person" within the meaning of the statute. See Castillo v. Blanco, 2007 WL 2264285 (E.D. La., Aug. 1, 2007) (holding that Elayn Hunt Correctional Center and Dixon Correctional Institute are not persons within the meaning of § 1983). See also Glenn v. Louisiana, 2009 WL 382680 (E.D. La., Feb. 11, 2009) ("[a] jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983.") Accordingly, the plaintiff's claim asserted against LSP is without merit and must be dismissed.

Turning to the plaintiff's claim asserted against the remaining defendants, it is unclear from the plaintiff's Complaint whether he has named these defendants in their individual and/or their official capacities. However, in light of the liberality with which this Court interprets the pleadings of pro se litigants, Haines v. Kerner, 404 U.S.

519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court interprets the plaintiff's Complaint as naming the defendants in both capacities. Notwithstanding, in Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity suits and made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the State and is therefore barred by the Eleventh Amendment. Accordingly, while the plaintiff's claim for monetary damages asserted against the defendants in their individual capacities remains viable, his claim against the defendants in their official capacities should be dismissed.

Finally, turning to the plaintiff's claim asserted against the defendants in their individual capacities, and addressing the plaintiff's assertion that he was charged and punished in connection with a false disciplinary report, the law is clear that a mere allegation that an inmate has been wrongly reported or punished for conduct which he did not commit or of which he is innocent does not, without more, state a claim of the denial of due process. See Collins v. King, 743 F.2d 248 (5th Cir. 1984). Further, the United States Supreme Court has held that prison disciplinary proceedings do not implicate any constitutionally protected liberty interest unless the resulting punishment subjects the inmate to an atypical and significant deprivation (evaluated in the context of prison life) in which the State might conceivably have created a liberty interest for the benefit of the inmate. Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In Sandin, the Supreme Court held that a disciplinary sentence of placement in segregated confinement failed to rise to the level of a constitutional violation. In the instant case, similarly, the Court concludes that the plaintiff's

transfer to segregated confinement at Camp J failed to result in an atypical and significant deprivation in the context of prison life. Moreover, the plaintiff has no constitutionally protected liberty or property interest in his prison job assignment. <u>Jackson v. Cain</u>, 864 F.2d 1235 (5th Cir. 1989). <u>See also</u> <u>Bulger v. United States Bureau of Prisons</u>, 65 F.3d 48 (5th Cir. 1995)(federal prisoner). Thus, although the plaintiff is unhappy with the loss of his job assignment, he had neither a protected liberty interest in that assignment nor a legitimate expectation that he would be maintained in that position. Accordingly, the plaintiff's claim in this regard fails to rise to the level of a constitutional violation and must be dismissed.

RECOMMENDATION

It is recommended that the plaintiff's claims be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915(e), and that this action be dismissed.[1]

Signed in chambers in Baton Rouge, Louisiana, September 7, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."